UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GWENDOLYN LEE JACKSON,

                Plaintiff,

                v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C17-5719 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff, Gwendolyn Lee Jackson, seeks review of the denial of her application for Supplemental Security Income. Plaintiff, proceeding pro se, contends the ALJ erred by excluding a severe impairment, finding that she had refused treatment, and discounting her testimony that she cannot keep a regular schedule. Plaintiff's Opening Brief, Dkt. 14. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 54 years old, has at least a high school education, and has worked as a massage therapist. Tr. 24. She applied for benefits in October 2012, alleging disability as of December 1998. Tr. 14. Plaintiff's applications were denied initially and on reconsideration.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

1  *Id.* After the ALJ conducted a hearing on March 5, 2015, the ALJ issued a decision finding

2  plaintiff not disabled. Tr. 14-26.

## THE ALJ'S DECISION

Using the five-step disability evaluation process described in 20 C.F.R. § 416.920, the ALJ found:

> **Step one:** Plaintiff has not worked since the application date.
>
> **Step two:** Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, sleep disorder, thoracic and lumbar degenerative disc disease.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment as defined in 20 C.F.R. Part 404, Subpart P. Appendix 1.
>
> **Residual Functional Capacity (RFC):** Plaintiff can perform light work, further limited to unskilled repetitive routine tasks. She can occasionally have contact with the public, supervisors, and coworkers.
>
> **Step four:** Plaintiff cannot perform past relevant work.
>
> **Step five:** Because there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled.

Tr. 16-26. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## DISCUSSION

Plaintiff asks the Court to reverse the ALJ's decision. Dkt. 14. The Court may reverse the ALJ's decision finding a person not disabled "only if it is not supported by substantial evidence or is based on legal error." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The Court cannot make its own findings, but must consider the entire record as a whole in determining whether the Commissioner's conclusions

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

have a reasonable basis. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Additionally, where a party proceeds pro se, the Court must construe the allegations of the pleading liberally and afford her the benefit of any doubt. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).

**A.     Posttraumatic Stress Disorder (PTSD)**

Plaintiff argues that the ALJ erred in not finding she had the severe impairment of PTSD. Dkt. 14 at 3. Plaintiff reported a diagnosis of PTSD to mental health examiners, but there is no formal diagnosis in the record. One examining doctor wrote "r[ule] o[ut] PTSD," indicating it had not yet been ruled out but had not been affirmatively diagnosed either. Tr. 320. Plaintiff states in her brief that an examining physician diagnosed her with PTSD in 2002 for the Washington state Department of Social and Health Services, but that DSHS cannot locate those records because they have changed software since then. Dkt. 14 at 3.

An impairment is not severe "if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities [such as u]nderstanding, carrying out, and remembering simple instructions…." 20 C.F.R. § 416.922. The ALJ determined that, even if plaintiff were diagnosed with PTSD, it had "no more than a minimal effect on her ability to work and [was] therefore not severe" under the statute. Tr. 17. And regardless of whether plaintiff's PTSD was considered severe, the ALJ "considered all symptoms" in determining that plaintiff was capable of unskilled light work with limited contact with other people. Therefore, even if the ALJ erred, the error was not harmful. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless if "inconsequential to the ultimate nondisability determination").

The Court concludes the ALJ did not harmfully err by not finding plaintiff's PTSD to be a "severe impairment" under the statute.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 3

## B. Plaintiff's Testimony

Where, as here, an ALJ finds the claimant's impairments could reasonably be expected to cause her symptoms and there is no affirmative evidence of malingering, the ALJ can only reject the claimant's testimony for specific, clear and convincing reasons supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). Here, the ALJ gave several reasons to discount plaintiff's testimony.

One reason was that her ability to successfully attend community college full time was inconsistent with her allegations of disabling limitations. Plaintiff argues that the ALJ erred in rejecting her testimony that her PTSD causes "panic and anxiety attacks that stop [her] from being able to keep regular schedules…." Dkt. 14 at 3. The ALJ found that plaintiff's "successfully complet[ing] two quarters of full time attendance at a community college" showed that she was able to keep to a schedule. Tr. 21. Plaintiff did not testify to any significant issues with attendance at school. Tr. 21-22. In her brief, plaintiff contends that she attended classes "for the first 30 days of the quarter as required" then took her courses online. Dkt. 14 at 5. But at the hearing, she testified under oath that she "physically went to classes" for two full quarters. Tr. 71. The ALJ reasonably found that carrying a full-time load of classes, quite successfully with a grade point average above 3.5, was substantial evidence that plaintiff could maintain a regular schedule. Tr. 22, 74. The Court concludes the ALJ did not err in discounting plaintiff's testimony on the ground that it was inconsistent with her activities. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ was permitted to consider daily living activities in his credibility analysis.").

Another reason the ALJ gave for discounting plaintiff's testimony was that the lack of treatment for her mental health conditions indicated that they were less severe than plaintiff

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

alleged. Tr. 22. Plaintiff argues the ALJ erroneously found that she had refused treatment or medication. Dkt. 14 at 4. The ALJ noted several times plaintiff told medical providers that she was not interested in medication or counseling. *See*, *e.g.*, Tr. 317 ("does not want counseling [and] has no interest in psychiatric meds"), 356 ("declines medications"). The ALJ concluded that the "absence of any ongoing or aggressive psychiatric treatment or follow up for medications is inconsistent with [plaintiff's] allegations concerning the intensity, persistence and limiting effects of these symptoms." Tr. 22. However, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citation and quotation marks omitted). The Court concludes the ALJ erred in discounting plaintiff's testimony on the grounds that failure to seek treatment belied the seriousness of her impairments.

As discussed above, however, contradiction with her activities was a valid reason to discount plaintiff's testimony. Moreover, the ALJ also discounted plaintiff's testimony on several grounds she does not challenge, such as inconsistency with the medical record. Tr. 20-22. Plaintiff does not dispute that testing showed no clear cognitive deficits and mental status examination results were largely normal. *See* Tr. 21, 308, 311, 314. Inclusion of one erroneous reason was harmless error because the remaining valid reasons relate to plaintiff's "ability to perform vocational functions…." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008). The Court concludes that the ALJ did not err in discounting plaintiff's testimony regarding the severity of her symptoms. Because the ALJ's decision is supported by substantial evidence and free of harmful legal error, the Court must affirm. *See Andrews*, 53 F.3d at 1039.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

1 | case is **DISMISSED** with prejudice.

DATED this 6th day of July, 2018.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6